(No. 3018—)

CITY OF JACKSONVILLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 14, 1939.*
*Rehearing denied August 16, 1939.*

E. W. CLEARY, for claimant.

JOHN E. CASSIDY, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

*Per Curiam:*

The claim was filed by the city of Jacksonville on October 26, 1936 and alleges that during the year ending June 30th, 1935, the city of Jacksonville permitted the State of Illinois to discharge sewage from the Illinois State School for the Deaf, the Illinois State School for the Blind and the Jacksonville State Hospital, all located in the City of Jacksonville, into the two sewage treatment plants operated by the City of Jacksonville; that according to an agreement previously entered into and according to a previous course of dealings which had been established between the parties with reference thereto, the State of Illinois should have paid to the claimant such proportionate share of operating the costs of said plants as the population of said institutions bears to the general population served by the said plants respectively; that consequently the respondent is indebted to claimant in the amount of $422.16 for its proportionate share of the operating costs of the North Side Sewage Treatment Plant applicable to the Illinois State School for the Deaf in accordance with its just proportion; and it is also charged that the State is indebted to the City of Jacksonville in the amount of $2,201.18 for its proportionate share of the operating costs of the South Side Sewage Treatment Plant applicable to Jacksonville State Hospital and in the amount of $172.21 as its proportionate share of the operating costs of the South Side Sewage Treatment Plant applicable to the Illinois State School for the Blind, all of which is particularly set forth in the Bill of Particulars attached to the complaint. It appears that the City had presented the aforesaid claims to the Managing officers of the respective Institutions above mentioned and the said officers in turn referred the matter to the State Department of Public Welfare; that Dr. G. C. Brown, Managing Officer of the Jacksonville State Hospital in turn received from the Fiscal Supervisor of the Department of Public Welfare a certain letter stating that the appropriation from which said claims should have been paid had been exhausted and that it would be necessary to file such claims in the Court of Claims. It appears

from the record that the 56th General Assembly of the State of Illinois in 1929 appropriated to the Department of Purchases and Construction the sum of $212,237.98 or so much thereof as was necessary to pay the State's proportionate share of the estimated cost of said Sewage District Projects for the City of Jacksonville, and the 56th General Assembly also made appropriations of $7,000.00 to pay the State's proportionate share of the cost of operation of said plant to September 1, 1931; and it appears by stipulation made on behalf of the Attorney General and the City Attorney of the City of Jacksonville that since the establishment of said sewage treatment plants during the year 1930 and continuously down to the present time, the City of Jacksonville has permitted the sewage from the Illinois School for the Deaf to flow into the North Side Sewage Treatment Plant and the sewage from the Illinois School for the Blind and the Jacksonville State Hospital to flow into said South Side Sewage Treatment Plant and such sewage has been treated the same as other sewage in the City of Jacksonville and that in each instance the State of Illinois was charged for the respective Institutions a proportionate share of the cost of operating the Plant serving the respective Institutions for each year in question, this proportion having been based upon the average of the percentage which the population of the respective Institutions bore to the population of the entire district served by the respective Plants, and the percentage that the sewage flow of the respective Institutions bore to the sewage flow of the district served by the respective plants. In each instance the several amounts charged for the respective Institutions for the several years subsequent to the construction of the plants were paid by the State except for the year ending June 30, 1935, for which year no statement was rendered by the city, until after the lapsing of available appropriations. It also appears by stipulation that the reports of the Auditor of Public Accounts show that on September 30, 1935 there remained unexpended in the Appropriation made to the Department of Public Welfare for the Biennium ending June 30, 1935, more than $2,740.38 which is the total of the three items, for which payment is hereby sought.

"Where claimant has rendered services or furnished supplies to the State on the order or request of an official authorized to contract for the same, and submits a bill therefor within a reasonable time, and due to no

neglect or fault on the part of claimant, same is not approved and vouchered for payment before the appropriation from which it is payable lapses, an award for the reasonable and customary value of the services or supplies will be made where at the time the expenditure was contracted there were sufficient funds remaining in the appropriation to pay for same."

*Indian Motorcycle Co., etc.* vs. *State*, 9 C. C. R. 527.

In this case the amount involved is not disputed and it is admitted that the service was rendered as set forth in the complaint herein. We therefore make an award in favor of the City of Jacksonville in the sum of Two Thousand Seven Hundred Forty and 38/100 ($2,740.38) Dollars in payment of the State's just proportion for the treatment of sewage at the City of Jacksonville for the said Institutions, namely, Jacksonville State Hospital, Illinois School for the Deaf and Illinois School for the Blind for the year of 1935.